UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILLIP GONZALES SANCHEZ,

    Petitioner,

v.

DOUG WADDINGTON,

    Respondent.

Case No. C06-5019 FDB/KLS

REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Noted for March 10, 2006

    This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Petitioner is an inmate at Stafford Creek Correction Center. He has filed a petition for *habeas corpus* under 42 U.S.C. § 2254 and an application to proceed *in forma pauperis*. (Dkt. #1). Because petitioner appears to have sufficient funds with which to pay the $5.00 court filing fee, the undersigned recommends the court deny the application.

## DISCUSSION

    The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

    Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. *See* Temple v. Ellerthorpe, 586

F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

By requesting the court to proceed *in forma pauperis*, petitioner is asking the government to incur the filing fee because he allegedly is unable to afford the costs necessary to proceed with his petition for *habeas corpus*. Petitioner denies in his *in forma pauperis* application that he is employed and states that he only received a $50.00 gift in 2005 from his sister, from which amount 55% was deducted by DOC. The prison trust account statement (Dkt. #3) indicates that the plaintiff does have a job at SCCC and that he receives $176.41 in average monthly receipts. Further, his prison trust account statement indicates that he still has an average spendable balance of $79.20. (Dkt. #5). Although these amounts may not be large, given the minimal filing fee required to proceed with this action ($5.00) and the fact that petitioner is currently employed, it is not unreasonable to expect him to pay that fee from the funds available to him in his prison trust account.

## CONCLUSION

Because it is reasonable to expect petitioner to incur the costs to proceed with his petition, the undersigned recommends that the court deny his application to proceed *in forma pauperis*. Accordingly, the undersigned also recommends that the court order petitioner to pay the required filing fee **within thirty (30) days** of the court's order. A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **March 10, 2006**, as noted in the caption.

Dated this 15th day of February, 2006.

/s/ Karen L. Strombom
KAREN L. STROMBOM
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2